**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Claus E. TIETJE, Defendant-Appellant.**

**No. 12787.**

United States Court of Appeals
Seventh Circuit.

Feb. 19, 1960.

Charles M. Carrigan, Sidney M. Glazer, St. Louis, Mo., for appellant.

Malcolm R. Wilkey, Asst. Atty. Gen., C. M. Raemer, U. S. Atty., East St. Louis, Ill., Robert D. McKnelly, Asst. U. S. Atty., Danville, Ill., Robert S. Erdahl, Philip R. Monahan, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before KNOCH and CASTLE, Circuit Judges, and STECKLER, District Judge.

PER CURIAM.

Defendant was called as a prosecution witness in a criminal case. He was asked to identify twelve exhibits consisting of checks which bore the printed name "Cash Sales Company" and the handwritten name "Claus E. Tietje" as payor. Defendant declined "to answer the question on the grounds it may tend to incriminate me". The District Judge held the defendant in contempt of court and committed him to the custody of the U. S. Marshal "there to remain until you have purged yourself of the contempt". The District Judge subsequently set aside that contempt order. Defendant was given another opportunity to answer the same questions and again declined to answer on the same ground.

The District Court held that the exhibits were checks of the Cash Sales Company and not checks of Mr. Tietje, whose name appeared thereon only in a representative capacity. The learned District Judge, therefore, concluded that defendant could claim no personal privilege over these checks. The District Court again found defendant in contempt and committed him to the custody of the U. S. Marshal for six months. It is from this order that defendant has appealed.

In appellee's brief, the government confesses error and joins with defendant in submitting that the judgment below should be reversed.

We are inclined to agree with the government's analysis of the District Court's decision: that the learned District Judge drew an analogy from the position of a corporate officer, who is not privileged to refuse to produce corporate books in his custody, in response to a subpoena, on the ground that such production would tend to incriminate him, and who may be compelled to "identify" such books, as his testimony would be merely auxiliary to production.

Defendant here, however, was not the custodian of the checks. These had not been produced by him, but were secured from some other source. Defendant, therefore, could properly invoke his privilege against self incrimination under the circumstances of this case. Curcio v. United States, 1957, 354 U.S. 118, 125, 77 S.Ct. 1145, 1 L.Ed.2d 1225.

We also have before us a motion of defendant to strike from the record certain items certified to this Court in addition to the testimony of defendant and the contempt proceedings below. The government has withdrawn its opposition to this motion, which, accordingly, is hereby granted.

We do not reach other issues, now rendered moot, concerning whether the District Court properly vacated the first contempt order, and then entered another contempt order on defendant's repeated refusal to answer; or whether the sentence imposed was excessive.

Reversed.